**STATE ex rel. John McCONAHA,**
**Appellant,**

v.

**The Honorable Nelson G.**
**ALLEN, Respondent.**

**No. 80551.**

Supreme Court of Missouri,
En Banc.

Nov. 24, 1998.

John B. Boyd, Michelle Daum Haskins, Kansas City, for Appellant.

Robert E. Douglass, St. Joseph, for Respondent.

WHITE, Judge.

■ Appellant, John McConaha, is seeking workers' compensation in an action currently pending before the division of workers' compensation. In anticipation of this litigation, Mr. McConaha's employer, Missouri–Nebraska Express, Inc., prepared a surveillance videotape of Mr. McConaha, for use by its medical expert in preparing a report on Mr. McConaha's physical condition. Mr. McConaha directed subpoenas duces tecum to physician's office manager and custodian of records requesting that they appear and produce the videotape. The respondent administrative law judge granted employer's motion for a protective order on the grounds that this videotape was work product under Rule 56.01(b)(3) and not discoverable absent some showing of substantial need or undue hardship. The Circuit Court of Buchanan County issued its preliminary writ of mandamus ordering the ALJ to set aside his protective order and to require production of the videotape. After a hearing, however, the court quashed its preliminary writ, and Mr. McConaha appealed. Following opinion by the Court of Appeals, Western District, we granted transfer. Because we find that surveillance videotapes of a party are "statements" of that party within the meaning of Rule 56.01(b)(3)(b), and because that rule applies here, we reverse.

■ Section 287.560 guarantees litigants before the division of workers' compensation certain discovery rights: "Any party shall be entitled to process to compel the attendance of witnesses and the production of books and papers, and at his own cost to take and use depositions in like manner as in civil cases in the circuit court, except that depositions may be recorded by electronic means." Rule 57.09 governs the use of subpoenas for taking depositions in civil cases and provides that "[a] subpoena may also command the person to whom it is directed to produce the books,

papers, documents, or tangible things designated therein...."[1] Section 287.560 thus authorizes the use of a subpoena duces tecum under Rule 57.09(b), in exactly the same manner that such a subpoena would be appropriate in a deposition in a civil matter in circuit court.[2]

In seeking a protective order, under Rule 56.01(c), before the ALJ, defendant argued that the videotape (and other related documents) were

> the trial (hearing) preparation materials of Missouri–Nebraska Express, Inc. and/or constitute materials prepared and obtained in anticipation of litigation or for trial (hearing) and there has been no showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that said party is unable without under [sic] hardship to obtain the substantial equivalent of the materials by other means.

This language tracks Rule 56.01(b)(3):

> *Trial Preparation: Materials.* Subject to the provisions of Rule 56.01(b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under Rule 56.01(b)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, including an attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the adverse party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

The ALJ granted the motion on the grounds that the specified materials were trial preparation materials and that no showing of substantial need or undue hardship had been made. Under the rule, however, no showing of undue hardship is necessary to require production of a "statement" previously made by the party seeking production. Such statements include "a stenographic, mechanical, electrical, audio, video, motion picture or other recording, or a transcription thereof, of the party,"[3] and include surveillance videotapes of the party, even if they do not include an audio portion.[4]

While defendant continues to insist that the videotape is "work product," it takes the position before this Court that Rule 56.01(b)(3) does not apply in workers' compensation cases because section 287.560 supplies the sole method of discovery in these matters, and that section does not specifically incorporate the rule. We disagree. Rule 56.01(b)(3) is applicable here because the statute requires that depositions in workers' compensation matters are to be taken in the same manner as civil depositions. Thus, Rule 56.01 is necessarily implicated to the degree that the rule applies to civil depositions taken in circuit court proceedings. Because Rule 56.01(b) specifies, generally, the scope of what may be discovered using a deposition under Rule 57, the rule also controls what may be discovered using a deposition under section 287.560.

Defendant argues that application of Rule 56.01(b)(3) to this case amounts to a holding that all discovery rules, in particular Rule 57.01 (relating to interrogatories) and Rule 58.01 (relating to production of documents), apply in workers' compensation cases. Our holding is not that broad. We hold only that the rules of civil procedure governing depositions in civil actions also govern, as the statute authorizes, depositions taken pursuant to section 287.560. This opinion does not address or decide the question of what rules of civil procedure, other than those that apply to depositions, are applicable to proceedings before the division of workers' compensation.

Under Rule 56.01(b)(3)(b) and this Court's decision in *Koehr, supra,* the surveillance videotape at issue here was a statement of Mr. McConaha discoverable without a showing of undue hardship. Section 287.560 spe-

---

1. Rule 57.09(b).

2. See *State ex rel. River Cement Co. v. Pepple,* 585 S.W.2d 122, 125 (Mo.App.1979).

3. Rule 56.03(b)(3)(b).

4. *State ex rel. Missouri Pacific v. Koehr,* 853 S.W.2d 925, 926–27 (Mo. banc 1993).

cifically and in mandatory language entitles Mr. McConaha to conduct the requested discovery. Where, as here, the trial court has no discretion to sustain objections to discovery, mandamus lies to compel the trial court to order that the discovery be had in accordance with the requirements of law.[5]

The judgment of the trial court is reversed, and the preliminary writ issued by that court is made permanent.

All concur.

---

5. *State ex rel. Swyers v. Romines,* 858 S.W.2d 862, 863–64 (Mo.App.1993).