**Sumae L. ELKING, Claimant–Respondent,**

v.

**DEACONESS HOSPITAL, Employer–Appellant,**

and

**Liberty Mutual Insurance Company, Insurer–Appellant.**

No. 75105.

Missouri Court of Appeals, Eastern District, Division Five.

May 25, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1999.

Application for Transfer Denied Aug. 24, 1999.

John F. Sander, Clare R. Behrle, St. Louis, for appellant.

Matthew J. Padberg, St. Louis, for respondent.

Before ROBERT G. DOWD, Jr., C.J., and KENT E. KAROHL, J., and CHARLES B. BLACKMAR, Senior Judge.

**ORDER**

PER CURIAM.

Deaconess Hospital (Employer) and Liberty Mutual Insurance Company (Insurer) appeal from the award of the Department of Labor and Industrial Relations Commission (Commission) granting medical expenses, permanent total disability benefits, and future medical expenses as a result of Sumae L. Elking's (Claimant) work related accident on May 29, 1988. Employer and Insurer contend the Commission erred (1) in that the award "is not responsive to issues raised in the Employee's claim for compensation and to that extent is void;" (2) in that "the Employee failed to prove that her May 29, 1988 accident, independent of all other factors, caused her to be permanently and totally disabled;" (3) in overruling their objection and admitting into evidence medical records and medical bills pertaining to the Employee's 1992 injury to her right femur; and (4) in that "the Employee failed to prove that her May 29, 1988 accident, independent of all other factors, supported an award of future medical."

We are bound to affirm the Commission's award if it is supported by competent and substantial evidence on the whole record. *DeLong v. Shop 'N Save*, 972 S.W.2d 495, 497 (Mo.App. E.D.1998). We defer to the Commission on issues concerning credibility and weight to be given to conflicting testimony. *Cahall v. Cahall*, 963 S.W.2d 368, 372 (Mo.App. E.D.1998). We find substantial evidence supported the Commission's findings that Employee has a permanent total disability causally related to the May 29, 1988, accident and compression fracture injury aggravated a preexisting compression fracture and spondylolisthesis, with causally resulting in surgical fusion, a right foot drop, right leg weakness and atrophy. Further, there was substantial and competent evidence to support the Commission's finding that Employee's fall and fracture of her right femur were causally related to her accident and injury of May 29, 1988. With regard to Appellants' claim that the right femur injury claim was beyond the scope of the pleadings, we note that the rules of civil procedure are generally not applicable to workers' compensation proceedings. Section 287.550, RSMo 1994; *State ex rel. Treasurer of State v. Siedlik*, 851 S.W.2d 80, 81 (Mo.App. E.D.1993). There was no surprise or prejudice suffered by Employer and Insurer as to the right femur injury. Moreover, workers' compensation law is to be liberally construed in favor of the

claimant and substantial rights are to be enforced at the sacrifice of procedural rights. Sections 287.550 and 287.800, RSMo 1994; *Wiele v. National Super Markets, Inc.*, 948 S.W.2d 142, 146 (Mo. App. E.D.1997). An opinion reciting the detailed facts and restating principles of law would have no precedential value. The award is affirmed in accordance with Rule 84.16(b).