Lois MARSTON, Respondent,

v.

## JUVENILE JUSTICE CENTER OF THE 13TH JUDICIAL CIRCUIT, Appellant.

### No. WD 61083.

Missouri Court of Appeals, Western District.

Nov. 12, 2002.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Rebecca K. Wright, Assistant Attorney General, St. Louis, for appellant.

Gwendolyn S. Froeschner, Columbia, for respondent.

PAUL M. SPINDEN, Presiding Judge.

The Juvenile Justice Center appeals from a temporary or partial award of the Labor and Industrial Relations Commission in which it affirmed its administrative law judge's decision that Lois Marston's claim for compensation was not barred by the statute of limitations. Marston filed her claim after expiration of the limitation period set out in § 287.430.[1] Because the limitation period in this case is jurisdictional and cannot be waived, the commission erred in deciding that Marston's claim could proceed. We reverse the commission's award.

On September 10, 1995, Marston was employed at the Boone County Juvenile Justice Center when she allegedly sustained a work-related injury. Marston took sick leave and received treatment for depression. She waited until January 11, 1996, to tell her supervisor that she be-

---

1. All citations to statutes refer to the 2000 Revised Statutes.

lieved that her injury was related to her job. The report of injury required by § 287.380 was timely filed with the Division of Workers' Compensation.

Marston did not file a claim for compensation with the division until June 1, 1998, approximately two years and nine months after the date of alleged injury. On October 5, 1998, the Juvenile Justice Center filed an amended answer and asserted for the first time that the claim appeared to be "time-barred by Section 287.430, RSMo."

On September 14, 2001, Administrative Law Judge Hannelore D. Fischer convened a hearing to determine whether or not the statute of limitations barred the claim. She determined that the claim was not barred because the center did not establish that it filed its answer on time and, therefore, waived the affirmative defense. The center appealed that decision to the commission, which rendered a "temporary or partial award" affirming and adopting its ALJ's decision. The center appealed to this court.

■ We have no jurisdiction in a workers' compensation case unless the General Assembly provides for it by statute. *Stufflebean v. Crete Carrier Corporation*, 895 S.W.2d 115, 116 (Mo.App.1995). In § 287.495, the legislature provided for appeals to this court from final awards—that is, awards that dispose of the entire controversy. *Id.*

■ This is an appeal from a "temporary or partial"—rather than final—award and generally no appeal would lie from it. *Id.* A well-recognized exception, however, allows us to review the issue of liability when an employer claims that it is not liable for the payment of compensation. *Korte v. Fry–Wagner Moving & Storage Company*, 922 S.W.2d 395, 398 (Mo.App. 1996). By asserting that the statute of limitations bars Marston's claim, the center is, in effect, arguing that it is not liable for compensating Marston. This grants us jurisdiction.

The center argues that the commission erred in deciding that Marston's claim was not barred by the statute of limitations because the record establishes that she filed her claim after the two-year period for doing so had expired. The center contends that Marston's claim did not fall within any statutory exception and should be deemed barred.

■ Marston responds that the statute of limitations is an affirmative defense that the center waived when it did not assert it in its answer. General authority supports this proposition.[2] *See, e.g., Storage Masters–Chesterfield, L.L.C. v. City of Chesterfield*, 27 S.W.3d 862, 865 (Mo.App.2000).

---

**2.** Marston's argument and the rule she would have apply are grounded in large part on the requirements of Rule 55.08. Marston cites several rules of civil procedure and alludes to others as controlling practice before the commission. Among her arguments, she asserts that the rules do not provide for the assertion of the statute of limitations by an amended answer that was filed out of time and without motion for leave. Generally, however, the rules of civil procedure do not apply to workers' compensation actions. *Elking v. Deaconess Hospital*, 996 S.W.2d 718, 718 (Mo.App. 1999). This is true unless a statute implicates the application of a specific rule. *See, e.g.,* *State ex rel. McConaha v. Allen*, 979 S.W.2d 188, 189 (Mo. banc 1998) (holding Rule 56.01 applicable in workers' compensation proceeding). Marston appears to argue that the rules regarding pleading of the statute of limitations are made applicable by § 287.430 which states, "In all other respects the limitations shall be governed by the law of civil actions[.]" Because we determine that the statute of limitations is jurisdictional and can be raised at any time, we do not address the issue of whether asserting the statute by amended answer was a procedurally permissible and effective way of saving the defense.

■ The parties, however, overlook a more basic issue: Is a statute of limitations that has expressly been made one of "extinction" simply an affirmative defense that can be waived, or is it jurisdictional and therefore non-waivable? In *Longhibler v. State*, 832 S.W.2d 908, 910 (Mo. banc 1992), the Supreme Court declared, "Whether the defense of the statute of limitations can be waived depends upon whether the time bar is held to be jurisdictional or an affirmative defense that must be raised at the earliest possible moment. If the bar of the statute of limitations is jurisdictional, it cannot be waived and can be raised at any time."

Although we have cited *Longhibler* as firmly establishing the rule that statutes of limitations are non-jurisdictional and waivable, *Dice v. Darling*, 974 S.W.2d 641, 645 (Mo.App.1998), § 287.430 compels us to conclude that *Longhibler* must be limited to its holding rather than asserting an overly broad statement as to statutes of limitations in general.

■ Section 287.430 provides, "The statute of limitations contained in this section is one of extinction and not of repose." A statute of repose eliminates a cause of action altogether after the passage of a prescribed period and without regard for whether or not a cause of action has accrued. *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 834 (Mo. banc 1991). Thus, a statute of repose operates to effectuate the extinction of an untimely claim or cause of action. The General Assembly, however, has indicated in § 287.430 its intention that extinction and repose be regarded differently by specifically stating that the limitation period is "one of extinction and *not* of repose."[3] Extinction, therefore, as used in this context, must have a greater meaning than that which already attends the running of a statute of limitations or repose. *See Kansas City Star Company v. Fulson*, 859 S.W.2d 934, 938 (Mo.App.1993) (all of a statute's words presumptively have separate and individual meanings). If it does not, then the General Assembly's promulgation results in nothing more than an absurd statement of law. This result cannot be. We presume that every word of a statute has purpose, and we do not presume that the General Assembly acted in a meaningless manner or intended an absurd result. *Zimmerman v. Missouri Bluffs Golf Joint Venture*, 50 S.W.3d 907, 911 (Mo.App. 2001). Rather, we must presume that the legislature intended for its words to have substantive effect. *Brown Group, Inc. v. Administrative Hearing Commission*, 649 S.W.2d 874, 878 (Mo. banc 1983).

The history of § 287.430 and its statutory predecessors provides cogent guidance as to what the General Assembly intended by "extinction." In *Wentz v. Price Candy Company*, 352 Mo. 1, 175 S.W.2d 852 (1943), the Supreme Court, construing the statute of limitations in the Workmen's Compensation Act, discussed the different types of statutes of limitations:

The limitation imposed in a certain class of statutes has been held to operate on the right rather than on the remedy. Courts have distinguished between ordinary statutes of limitation and statutes creating a right with a special limitation appended to the exercise of the right on the ground the special limitation extinguishes the right rather than extinguishing the remedy. "A wide distinction exists between statutes providing for a limitation upon the remedy, and special statutory limitations enacted in qualification of a given right. * * * The second class of statutes are more [than mere limitations on the remedy], for they create a right of action condi-

---

**3.** We added the emphasis.

tioned upon its enforcement within a prescribed period, the theory being that the lawmaking body which has the power to create the right may affix the conditions under which it is to be enforced, so that a compliance with those conditions is essential. In other words, where time is made the essence of the right created, the limitation is an inherent part of the statute out of which the particular right arises, so that there is no right of action whatsoever independent of the limitation, and a lapse of the statutory period operates to extinguish the right altogether. 37 C.J. 686." *Schrabauer v. Schneider Engraving Product*, 224 Mo.App. 304, 25 S.W.2d 529, 532. And see the discussion in *Barker v. Hannibal & St. Joseph R. Co.*, 91 Mo. 86, 14 S.W. 280.

*Id.* at 854 (brackets in original). Before 1943, the courts regarded the workers' compensation statute of limitations as operating to extinguish the statutory right itself, such that the time limitation was deemed jurisdictional. *See, e.g., Higgins v. Heine Boiler Company*, 328 Mo. 493, 41 S.W.2d 565, 571 (1931), *overruled in part, Wentz*, 175 S.W.2d at 856. The *Wentz* court, however, reexamined the statutory language and decided that the limitations was simply one of repose rather than one affecting the right. It, therefore, expressly overruled a long line of cases holding to the contrary. *Wentz*, 175 S.W.2d at 855–56.

The *Wentz* court reached its holding by reasoning that "[n]owhere does the statute say the right of recovery shall be deemed extinguished if no claim is filed within the period. Nowhere does it pronounce such right a nullity under such circumstances." *Id.* at 855. *See also Welborn v. Southern Equipment Company*, 395 S.W.2d 119, 123 (Mo. banc 1965) (finding no express legislative intent to completely extinguish an untimely filed workers' compensation claim).

In 1980, the General Assembly added the extinction language that the *Wentz* court found lacking. Effective August 13, 1980, the legislature amended § 287.430 to say that the "[t]he statute of limitations ... is one of extinction and not of repose." When the General Assembly amends a statute, we presume that it was aware of the courts' interpretation of the statute. *Kilbane v. Director of Department of Revenue*, 544 S.W.2d 9, 11 (Mo. banc 1976). That presumption causes us to conclude that the General Assembly intended for its amendment to alter the *Wentz* court's interpretation of § 287.430. Thus, as we said in *Foreman v. Shelter Insurance Company*, 706 S.W.2d 227, 229 (Mo.App.1986):

The change made by the legislature indicates [its] intention to change the construction of the statute which *Wentz* held was one of repose. The statute as it currently reads, defining itself as a statute of extinction, must have been intended by the legislature to extinguish not only the remedy but also the statutorily given right after a period of two years. It is, therefore, not merely procedural as a statute of limitations ordinarily is, but is substantive as declaring the time period a condition upon the existence of the right.

The limitation in § 287.430 is substantive and jurisdictional rather than procedural and waivable. As such, we hold that the commission's jurisdiction is inextricably connected to the time limitation of § 287.430. The commission, therefore, cannot consider claims filed after the period expires.

One of the most fundamental tenets of administrative law is that an agency, such as the commission, has only such jurisdiction or authority as the Gen-

eral Assembly confers on it. *Carr v. North Kansas City Beverage Company*, 49 S.W.3d 205, 207 (Mo.App.2001). To allow the commission to extend the limitation of § 287.430 beyond two years would allow the commission to reinstate a cause of action that the General Assembly has seen fit to extinguish and to confer jurisdiction on the commission where the General Assembly has seen fit to remove it. The law is well settled that a tribunal's jurisdiction can be raised at any time and that parties cannot confer jurisdiction where none exists. *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69, 72 (Mo. banc 1982).

The commission erred in deciding that Marston's claim was not barred. Because we determine that the commission is without jurisdiction to consider Marston's claim, we reverse the commission's temporary or partial award.

PATRICIA A. BRECKENRIDGE, Judge, and THOMAS H. NEWTON, Judge, concur.