**Stephen C. ROZIER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. ED 84103.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 17, 2005.

James A. Chenault, III, Special Asst. Attorney General, Missouri Department of Revenue, Jefferson City, MO, for appellant.

Craig D. Brewer, Perryville, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

The Director of Revenue (the Director) appeals from the judgment in an expungement action brought by Stephen C. Rozier (Rozier). The circuit court ordered the Director to expunge Rozier's administrative alcohol suspension pursuant to Section 577.054, RSMo 2000.[1] On appeal, the Director contends the circuit court lacked the authority to expunge Rozier's administrative alcohol suspension, because the administrative suspension is not subject to expungement under the statute. We reverse.

On September 23, 2003, Rozier filed a "Motion for Expungement" with the circuit court seeking to be "restored to the status he occupied prior to" his arrest for driving while intoxicated (DWI) on February 27, 1993, and to have the court "expunge from all records all recordations of [Rozier's] arrest, plea, trial, and/or convictions." Records filed by Rozier indicated that he was arrested on February 27, 1993 and subsequently issued a summons for DWI. On May 3, 1993, Rozier pleaded guilty to the charge of DWI, for which Rozier received a suspended imposition of sentence and was placed on two years unsupervised probation. The Director filed an answer to Rozier's motion asserting that Rozier was not eligible to receive an expungement of the administrative alcohol suspension.

The circuit court heard the motion. At the hearing, Rozier testified he had completed his two years of probation and was

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

seeking to have the administrative alcohol suspension arising from his arrest expunged. Thereafter, the circuit court entered a judgment finding that Rozier had satisfied the requirements of Section 577.054 and ordered the Director to expunge the record of Rozier's administrative suspension. The Director now appeals.

In her sole point, the Director contends the circuit court erred in ordering the expungement of Rozier's administrative alcohol suspension because the administrative suspension is not subject to expungement under Section 577.054. We agree.

In reviewing a court tried case, we will affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Here, the Director asserts and we agree that the circuit court erroneously applied the law in Section 577.054 in granting expungement to Rozier.

Section 577.054 provides:

After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he pled guilty or was sentenced for an order to expunge from all official records all recordations of his arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alco-

hol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement. The effect of such order shall be to restore such person to the status he occupied prior to such arrest, plea or conviction and as if such event had never taken place. No person as to whom such order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failure to recite or acknowledge such arrest, plea, trial, conviction or expungement in response to any inquiry made of him for any purpose whatsoever and no such inquiry shall be made for information relating to an expungement under this section. A person shall only be entitled to one expungement pursuant to this section. Nothing contained in this section shall prevent the director from maintaining such records as to ensure that an individual receives only one expungement pursuant to this section for the purpose of informing the proper authorities of the contents of any record maintained pursuant to this section.

This court has previously held that Section 577.054 does not authorize the expungement of an administrative alcohol suspension. *McNally v. St. Louis County Police Dept.*, 17 S.W.3d 614, 616 (Mo.App. E.D. 2000). In *McNally*, the Director appealed from the trial court's judgment finding Section 577.054 applied to an administrative suspension and ordering the Director to expunge the records of the driver's administrative suspension of driving privileges. *McNally*, 17 S.W.3d at 616. This court held that Section 577.054 provides for expungement from all records of an individual's arrest, plea, trial or conviction but not expungement of the records of a driver's administrative suspension. *Id.*

The court recognized that the legislature enacted Section 302.545 to deal specifically with expungement of Department of Revenue records. *Id.* Section 302.545 authorizes the expungement of Department of Revenue records of suspension or revocation with respect to persons under twenty-one years of age who meet certain conditions.[2] The *McNally* court noted Section 302.545 excludes expungement of Department of Revenue records for persons who do not fall within the purview of that statute. *McNally,* 17 S.W.3d at 616–17.

Under the precedent of *McNally,* Rozier's was not entitled to have his administrative alcohol suspension expunged from his record under Section 577.054. *See also Director of Revenue v. Klenke,* 29 S.W.3d 391 (Mo.App. E.D.2000) (applying *McNally* to find there was no statutory basis to authorize expungement of the driver's administrative suspension).

There is no statutory basis to authorize the expungement of Rozier's administrative suspension. The circuit court erred in entering a judgment ordering the expungement of Rozier's administrative alcohol suspension. The judgment of the circuit court is reversed.

PATRICIA L. COHEN, P.J. and KATHIANNE KNAUP CRANE, J., concur.

**2.** The record reflects that Rozier was born on October 4, 1951, and was forty-one at the time of his arrest in 1993. Rozier is not entitled to expungement under Section 302.545.