S.S., Respondent,

v.

Karen King **MITCHELL**, Director of Revenue, Appellant.

No. ED 91194.

Missouri Court of Appeals, Eastern District, Southern Division.

July 7, 2009.

Stephen C. Wilson, Cape Girardeau, MO, for Respondent.

Chris Koster, Attorney General, Brett W. Berri, Assistant Attorney General, Jefferson City, MO, for Appellant.

## OPINION

GLENN A. NORTON, Judge.

Karen King Mitchell, Director of Revenue, appeals the judgment ordering the Director to expunge all records of S.S.'s administrative alcohol suspension and to make those records confidential under section 577.054 RSMo Supp.2007.[1] We affirm.

## I. BACKGROUND

On September 12, 1996, S.S. was arrested and charged with the misdemeanor offense of driving while intoxicated ("DWI"). S.S. pled guilty to the charge on October 7, 1996. Following the guilty plea, the trial court suspended the imposition of sentence and placed S.S. on probation for two years. On October 23, 1996, the department of revenue took action against S.S.'s Class F driver's license in the form of a thirty-day administrative alcohol suspension pursuant to section 302.505.[2]

On October 24, 2007, S.S. filed an application, pursuant to section 577.054,[3] for an order expunging from all official records all recordations of her 1996 arrest and guilty plea. The Director filed a motion to

---

1. All statutory references are to RSMo Supp. 2007.

2. Section 302.505 discusses when the department of revenue has the authority to suspend the license of a person driving a motor vehicle with a blood alcohol content which exceeded the limits provided in section 302.505.1. The relevant language of section 302.505 is set out below in Section II.B.1.

3. Section 577.054 sets out the requirements for requesting expungement of a first alcohol-related driving offense from certain records. Section 577.054.1 states in relevant part that:

> After a period of not less than ten years, an individual who has pleaded guilty or has been convicted for a first alcohol-related driving offense which is a misdemeanor or a county or city ordinance violation and which is not a conviction for driving a commercial motor vehicle while under the influence of alcohol and who since such date has not been convicted of any other alcohol-related driving offense may apply to the court in which he or she pled guilty or was sentenced for an order to expunge from all official records all recordations of his or her arrest, plea, trial or conviction. If the court determines, after hearing, that such person has not been convicted of any alcohol-related driving offense in the ten years prior to the date of the application for expungement, and has no other alcohol-related enforcement contacts as defined in section 302.525, RSMo, during that ten-year period, the court shall enter an order of expungement.

dismiss S.S.'s application as it related to her administrative alcohol suspension, which the trial court denied.

The trial court held a hearing on S.S.'s application for expungement. It was undisputed that S.S. met all of the requirements for expungement set forth in section 577.054.1, making her eligible for expungement. It was also undisputed that section 577.054.2, excluding holders of a commercial driver's license from qualifying for expungement, did not apply to S.S. S.S. and her counsel requested expungement of all official administrative and criminal records relating to the 1996 DWI, including all records of S.S.'s administrative alcohol suspension.

Following the hearing, the trial court entered a judgment granting S.S.'s application for expungement. The trial court ordered "that all records and files related to [S.S.'s] arrest and guilty plea to the charge of driving while intoxicated are expunged and shall be confidential as provided in section 577.054." The trial court also ordered the Director "to expunge all records of any administrative action taken by [the Director] against [S.S.'s] driver's license related to the . . . charge of driving while intoxicated," and stated that "said records shall be confidential as provided by section 577.054." The Director appeals.

## II. DISCUSSION

### A. Standard of Review

■ Our review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This court will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Id.* Statutory interpretation is a question of law that we

review de novo. *Steinmann v. Davenport*, 248 S.W.3d 8, 17 (Mo.App. E.D.2008).

### B. The July 2005 Amendment to Section 577.054.1 Authorizes Courts to Expunge all Records of a Driver's Administrative Alcohol Suspension and to Make those Records Confidential

In her sole point on appeal, the Director argues that section 577.054.1 does not authorize courts to expunge all records of a driver's administrative alcohol suspension and to make those records confidential, and therefore the trial court erred in ordering such action. We disagree.

■ "Our primary role in interpreting statutes is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." *Whitelaw v. Director of Revenue*, 73 S.W.3d 731, 733 (Mo.App. E.D.2002). We presume that "the legislature intended every word, clause, sentence and provision of a statute to have effect and did not insert superfluous language into the statute." *Steinmann*, 248 S.W.3d at 17. We also presume that the legislature intended an amendment to have some effect. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992).

■ The legislature amended section 577.054.1 in July 2005. *See* S.B. No. 422, Section A 93rd Gen. Assem., 1st Reg. Sess. (Mo.2005). Whether the legislature intended the July 2005 amendment to section 577.054.1 to authorize records of a driver's administrative alcohol suspension to be expunged and made confidential is an issue of first impression. In order to ascertain the legislature's intent and give effect to that intent, we consider: (1) the plain and ordinary meaning of the words used in the amendment; and (2) the state of the law at the time of the amendment's

enactment. *See Baldwin v. Director of Revenue*, 38 S.W.3d 401, 405 (Mo. banc 2001) (stating that courts look to the plain and ordinary meaning of the words used in an amendment in order to determine the effect of an amendment); *Marston v. Juvenile Justice Center of The 13th Judicial Circuit*, 88 S.W.3d 534, 538 (Mo.App. W.D. 2002) (considering courts' interpretation of a statute at the time the statute was amended); *Harding v. Lohman*, 27 S.W.3d 820, 824 (Mo.App. W.D.2000) (stating that courts presume that the legislature intended to effect some change in the existing law when it amends a statute).

### 1. The Plain and Ordinary Language of the July 2005 Amendment

■ The July 2005 amendment added the following sentence to section 577.054.1:

Upon granting of the order of expungement, the records and files maintained in any administrative or court proceeding in an associate or circuit division of the circuit court under this section shall be confidential and only available to the parties or by order of the court for good cause shown.

We presume the legislature intended the term "administrative proceeding" to have an effect. *See Wollard, supra; Steinmann, supra.* Furthermore, as set out below, we find that by using the term "administrative proceeding," the legislature intended the July 2005 amendment to authorize courts to expunge records of a driver's administrative alcohol suspension and to make those records confidential.

Because "administrative proceeding" is not defined in Chapter 577, we must look to the plain and ordinary meaning of the term as it is found in the dictionary. *See Gash v. Lafayette County*, 245 S.W.3d 229, 232 (Mo. banc 2008) (stating that a statutory term not defined by the legislature is given its plain and ordinary meaning as found in the dictionary). The term "ad-

ministrative proceeding" is defined as "[a] hearing, inquiry, investigation, or trial before an administrative agency." *Black's Law Dictionary* 46 (7th ed. 1999).

We find that an administrative alcohol suspension under section 302.505 meets the definition of an "administrative proceeding." The department of revenue, an administrative agency, took action against S.S.'s Class F driver's license in the form of an administrative alcohol suspension pursuant to section 302.505. *See Allen v. Director of Revenue*, 59 S.W.3d 636, 637 (Mo.App. W.D.2001) (referring to the department of revenue as an administrative agency). Section 302.505.1 provides in pertinent part that: "The department shall suspend . . . the license of any person upon its determination that the person was arrested upon probable cause to believe such person was [driving a motor vehicle while the alcohol concentration in the person's blood exceeded the limits provided in the statute]." Thus, in order for the department of revenue to suspend a person's driver's license under section 302.505.1, the department must inquire and investigate whether the driver was arrested upon probable cause to believe such person was driving a motor vehicle with a blood alcohol content which exceeded the limits set forth in the statute.

The form of the department's inquiry and investigation is dependent upon whether a hearing is requested and held. If a hearing is not requested and held, the department's inquiry and investigation consists of a review of the report of a law enforcement officer. *See* section 302.505.2 (stating in pertinent part that "[t]he department shall make a determination of these facts on the basis of the report of a law enforcement officer . . . and this determination shall be final unless a hearing is requested and held"). If a hearing is

requested and held, the department of revenue's inquiry and investigation consists of reviewing the evidence received at the hearing. *See* section 302.505.2 (stating in relevant part that "[i]f a hearing is held, the department shall review the matter and make a final determination on the basis of evidence received at the hearing"). As we have previously stated, the plain and ordinary meaning of the term "administrative proceeding" is "[a] hearing, inquiry, investigation, or trial before an administrative agency." *See Blacks Law Dictionary, supra.* Because an administrative alcohol suspension under section 302.505 requires the department of revenue, an administrative agency, to make an inquiry and investigation, we find that an administrative alcohol suspension is an "administrative proceeding" under section 577.054.1.

As amended, section 577.054.1 provides for the expungement of all records and files maintained in any administrative proceeding. Because an administrative alcohol suspension is an "administrative proceeding" under section 577.054.1, we find that the legislature intended the July 2005 amendment to section 577.054.1 to authorize courts to expunge all records of a driver's administrative alcohol suspension and to make those records confidential.

**2. The State of the Law when the July 2005 Amendment was Enacted**

The state of the law when the July 2005 amendment was enacted supports our finding that the legislature intended the amendment to authorize courts to expunge all records of administrative alcohol suspensions and to make those records confidential. Prior to July 2005, appellate courts interpreting former versions of section 577.054 held that the statute did not authorize courts to expunge records of administrative alcohol suspensions. *See Rozier v. Director of Revenue, State of Missouri,* 164 S.W.3d 108 (Mo.App. E.D.2005) (holding that section 577.054 RSMo 2000 did not authorize expungement of driver's administrative suspension); *State v. Wilson,* 55 S.W.3d 851 (Mo.App. W.D.2001) (holding that section 577.054 RSMo 1994 did not authorize expungement of records relating to driver's administrative suspension); *McNally v. St. Louis County Police Department,* 17 S.W.3d 614 (Mo.App. E.D. 2000) (holding that section 577.054 RSMo 1994 did not authorize expungement of driver's administrative suspension).

In July 2005, after *Rozier, Wilson,* and *McNally* were decided, the legislature amended section 577.054.[4] We presume that when the legislature enacted this amendment, it was fully aware of the courts' interpretation of the statute and intended to change the present state of the law. *See Marston,* 88 S.W.3d at 538 (presuming that the legislature was aware of courts' interpretation of a statute when amending statute); *Harding,* 27 S.W.3d at 824 (stating that courts presume that the legislature intended to effect some change in the existing law when it amends a statute). Those presumptions cause us to conclude that the legislature intended for its amendment to alter the *Rozier, Wilson,* and *McNally* courts' interpretations of section 577.054 by adding language to section 577.054.1 which authorizes courts to expunge all records of a driver's administrative alcohol suspension and to make those records confidential. *See Marston,* 88 S.W.3d at 538 (concluding that the legislature intended for amendment to alter courts' interpretation of statute).

**3. Conclusion**

---

4. The legislature previously amended section 577.054 in 2004, by designating subsection 1, making language in subsection 1 gender neutral, and adding subsection 2. S.B. Nos. 1233, 840 & 1043, Section A 92nd Gen. Assem., 2nd Reg. Sess. (Mo.2004).

Based upon the plain and ordinary language of the July 2005 amendment to section 577.054.1, and the state of the law at the time the legislature enacted the amendment, we hold that the amendment authorizes courts to expunge all records of a driver's administrative alcohol suspension and to make those records confidential. Point denied.

## III. CONCLUSION

The judgment is affirmed.

NANNETTE A. BAKER, C.J. and KATHIANNE KNAUP CRANE, J., concur.