**STATE ex rel. David FELTZ, Respondent,**

v.

**BOB SIGHT FORD, INC., Appellant.**

No. WD 72969.

Missouri Court of Appeals, Western District.

May 31, 2011.

Christina R. Schoeppey, Merriam, KS, for appellant.

Jerrold Kenter and Brianne Niemann, Kansas City, MO, for respondent.

Before Division Four: LISA WHITE HARDWICK, Chief Judge Presiding, KAREN KING MITCHELL, Judge and DONALD NORRIS, Special Judge.

LISA WHITE HARDWICK, Chief Judge.

Bob Sight Ford, Inc. appeals the circuit court's writ of mandamus compelling an Administrative Law Judge of the Division of Workers' Compensation to order the production, by deposition and subpoena *duces tecum*, of a surveillance videotape of claimant David Feltz. For reasons explained herein, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 25, 2008, David Feltz filed a workers' compensation claim alleging that he was injured when he tripped over carpeting on a stairway while working at Bob Sight Ford, Inc. ("BSF"). Feltz notified BSF that he intended to take a deposition of Laura Bauer, an adjuster with BSF's insurer. The notice included a subpoena requesting Bauer to produce "ANY and ALL video tape or visual or electronic recordings [sic] surveillance ... involving said surveillance on David Feltz."

BSF moved to quash the deposition and subpoena *duces tecum*, arguing the surveillance videotape is not considered a "statement" that an employer is required to produce pursuant to Section 287.215.[1] Administrative Law Judge Emily Fowler (ALJ) sustained the motion, stating "[i]t is clear in [Section 287.215] that videotapes, motion pictures or visual reproductions of

---

1. All statutory citations are to RSMo 2000, as updated by RSMo Cum.Supp.2010, unless otherwise indicated.

an image of an employee are not discoverable by employee."

Feltz petitioned the circuit court for a writ of mandamus directing the ALJ to overrule BSF's motion to quash the deposition and subpoena *duces tecum.* The circuit court requested additional briefing or argument on the matter, explaining "The Court ... believes that RSMo. § 287.215 is effectively a statutory work product excluding the production of surveillance video tapes. However, the Court believes that such video tape or documents may be producible pursuant to Rule 56.01(b)(3) if a showing is made of 'substantial need.'"

After a hearing, the court issued a permanent order in mandamus, compelling the ALJ to order production of the surveillance videotapes. Citing Rule 56.01(b)(3), the court determined that Feltz "has no other means available under the Workers' Compensation Act to discover the contents of the video in question and that [Feltz] has 'substantial need' to view the contents of the video to prevent surprise at any workers' compensation hearing."

BSF appeals the circuit court's Permanent Order in Mandamus.

## STANDARD OF REVIEW

█ We review the grant of a writ of mandamus under an abuse of discretion standard. *Burnett v. Kansas City Sch. Bd.,* 237 S.W.3d 237, 238 (Mo.App.2007). The circuit court abuses its discretion when it fails to follow applicable statutes. *State ex rel. SGI Hotels, L.L.C. v. City of Clayton,* 326 S.W.3d 484, 488 (Mo.App. 2010). When "the foundation of the writ is based upon interpretation of a statute, we review the statute's meaning *de novo.*" *Pitts v. Williams,* 315 S.W.3d 755, 759 (Mo.App.2010).

## ANALYSIS

### *Applicability of Section 287.215*

█ In Point I, BSF contends the circuit court abused its discretion in granting the writ of mandamus because the language of Section 287.215 prohibits the discovery of surveillance videotapes in all workers' compensation cases. The circuit court ordered production of the surveillance video pursuant to the general discovery provisions of Rule 56.01(b)(3) and Section 287.560. However, BSF argues, based on statutory rules of construction, that the specific discovery provisions relating to surveillance videotapes in Section 287.215 should prevail over the more general discovery provisions applied by the court.

█ "In interpreting statutes, our purpose is to ascertain the intent of the legislature." *Habjan v. Earnest,* 2 S.W.3d 875, 881 (Mo.App.1999). "In doing so, we look to the language used, giving it its plain and ordinary meaning." *Id.* "The courts are without authority to read into a statute a legislative intent which is contrary to the intent made evident by giving the language employed in the statute its plain and ordinary meaning." *Id.*

Section 287.560 provides:

The division, any administrative law judge thereof or the commission, shall have power to issue process, subpoena witnesses, administer oaths, examine books and papers, and require the production thereof, and to cause the deposition of any witness to be taken and the costs thereof paid as other costs under this chapter. Any party shall be entitled to process to compel the attendance of witnesses and the production of books and papers, and at his own cost to take and use depositions in like manner as in civil cases in the circuit court, except

that depositions may be recorded by electronic means.

This statutory provision authorizes the use of a subpoena *duces tecum* in workers' compensation proceedings "in exactly the same manner that such a subpoena would be appropriate in a deposition in a civil matter in circuit court" pursuant to Rule 57.09. *State ex rel. McConaha v. Allen,* 979 S.W.2d 188, 189 (Mo. banc 1998). "Thus, Rule 56.01 is necessarily implicated to the degree that the rule applies to civil depositions taken in circuit court proceedings." *Id.* "Because Rule 56.01(b) specifies, generally, the scope of what may be discovered using a deposition under Rule 57, the rule also controls what may be discovered using a deposition under section 287.560." *Id.*

Rule 56.01(b) provides:

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:

(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

. . .

(3) *Trial Preparation: Materials.* Subject to the provisions of Rule 56.01(b)(4), a party may obtain discovery of documents and tangible things otherwise discoverable under Rule 56.01(b)(1) and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative, including an attorney, consultant, surety, indemnitor, insurer, or agent, only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and that the adverse party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

A party may obtain without the required showing a statement concerning the action or its subject matter previously made by that party. For purposes of this paragraph, a statement previously made is: (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, audio, video, motion picture or other recording, or a transcription thereof, of the party or of a statement made by the party and contemporaneously recorded.

In *McConaha,* the Supreme Court relied on Rule 56.01(b)(3) in ordering an ALJ to allow the discovery of an employer's surveillance videotapes pursuant to a subpoena *duces tecum.* 979 S.W.2d at 188. The court held that Rule 56.01(b)(3), applicable through Section 287.560, permitted a workers' compensation claimant to discover the surveillance videotapes without a showing of undue hardship. *Id.* at 189–90. *See also State ex rel. Mo. Pac. R.R. Co. v. Koehr,* 853 S.W.2d 925 (Mo. banc 1993) (surveillance videotapes are "statements" discoverable under Rule 56.01(b)(3)).

Three years later, in *Fisher v. Waste Mgmt. of Mo.,* 58 S.W.3d 523 (Mo. banc 2001), the Supreme Court recognized Section 287.215 (RSMo 2000) as an alternative method of discovery for surveillance video-

tapes in workers' compensation cases. Section 287.215 (RSMo 2000) provided:

No statement in writing made or given by an injured employee, whether taken and transcribed by a stenographer, signed or unsigned by the injured employee, or any statement which is mechanically or electronically recorded, or taken in writing by another person, or otherwise preserved, shall be admissible in evidence, used or referred to in any manner at any hearing or action to recover benefits under this law unless a copy thereof is given or furnished the employee, or his dependents in case of death, or their attorney, within thirty days after written request for it by the injured employee, his dependents in case of death, or by their attorney. The request shall be directed to the employer or its insurer by certified mail.

The Court observed that a request for statements pursuant to Section 287.215 is easier and less expensive than using the deposition and subpoena procedures provided through Section 287.560. *Fisher*, 58 S.W.3d at 525.

In *Fisher*, the Labor and Industrial Relations Commission admitted surveillance videotapes of a claimant even though the videotapes had not been produced in response to the claimant's request pursuant to Section 287.215 for statements. *Id.* at 524. On appeal, the Court noted that the term "statement" was not defined within Section 287.215 and then considered whether the definition of "statement" in Rule 56.01, as applicable through Section 287.560, applied to the same term when used in Section 287.215. *Id.* at 525. The Court acknowledged that it would be simple to summarily hold that the meaning of the term was the same in both instances, but explained:

The words of the statute are considered first. The legislature adopted a definition of "statement" in SB 127 in 1989, but we cannot infer that SB 127 purports to change or modify section 287.215, since SB 127 makes no reference to that section. Amendments by implication are not favored.

*Id.*

The Court went on to determine that the purpose of Section 287.215 was to facilitate settlement and avoid surprise and concluded that including the surveillance videotapes within the scope of the term "statement," as used in Section 287. 215, was consistent with this overall purpose. *Id.* at 527. Thus, the Court held that the term "statement" as used in Section 287.215 included surveillance videotapes. *Id.*

In 2005, the Missouri General Assembly amended Section 287.215 to include the following sentence at the end of the section: "The term 'statement' as used in this section shall not include a videotape, motion picture, or visual reproduction of an image of an employee."[2] BSF argues that the 2005 amendment to Section 287.215

---

**2.** Section 287.215, as amended in 2005, provides:

No statement in writing made or given by an injured employee, whether taken and transcribed by a stenographer, signed or unsigned by the injured employee, or any statement which is mechanically or electronically recorded, or taken in writing by another person, or otherwise preserved, shall be admissible in evidence, used or referred to in any manner at any hearing or action to recover benefits under this law unless a copy thereof is given or furnished the employee, or his dependents in case of death, or their attorney, within thirty days after written request for it by the injured employee, his dependents in case of death, or by their attorney. The request shall be directed to the employer or its insurer by certified mail. *The term "statement" as used in this section shall not include a videotape, motion picture, or visual reproduction of an image of an employee.* (*emphasis added*).

was in response to *Fisher* and indicates a clear legislative intent to apply this more restrictive definition of "statement" to the general discovery provisions of Rule 56.01, as applied through Section 287.560, and to prohibit the discovery of surveillance videotapes in all workers' compensation cases.

We disagree. Here, Feltz requested the surveillance videotapes through the use of a deposition and subpoena *duces tecum* pursuant to the discovery provisions of Section 287.560 and not via an informal request for statements pursuant to Section 287.215. BSF's attempt to broadly apply the definition of "statement" in Section 287.215 is contrary to the plain language of the statute. We need not resort to rules of statutory construction because the scope of the definitional application is clear. Section 287.215 unambiguously indicates that the definition provided in that statute applies to "[t]he term 'statement' as used in this section," meaning *only* to Section 287.215. For us to hold that Section 287.215 applies to the general discovery provisions of Rule 56.01, as applied through Section 287.560, would contravene the plain language of the statute. Point I is denied.

### Discovery of Surveillance Videotape

■ In Point II, BSF contends the circuit court erred in granting the writ of mandamus because the surveillance videotape is protected by the work product doctrine and Feltz failed to overcome the protection by showing a "substantial need" for the materials and "undue hardship" as required by Rule 56.01(b)(3).

BSF challenges the circuit court's finding that Feltz "has no other means available under the Workers' Compensation Act to discover the contents of the video in question and that [Feltz] has 'substantial need' to view the contents of the video to prevent surprise at any workers' compensation hearing."

■ We need not consider whether Feltz demonstrated a "substantial need" or "undue hardship" because such proof was unnecessary to obtain production of the surveillance video pursuant to Rule 56.01(b)(3).[3] In *McConaha*, the Supreme Court expressly held that Rule 56.01(b)(3), applied through Section 287.560, permits the discovery of surveillance videotapes as a "statement" without the need of a showing of undue hardship. 979 S.W.2d at 189–90. The relevant language of Rule 56.01(b)(3) provides:

A party may obtain *without the required showing* a statement concerning the action or its subject matter previously made by that party. For purposes of this paragraph, *a statement previously made is:* (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) a stenographic, mechanical, electrical, audio, *video, motion picture or other recording, or a transcription thereof, of the party or of a statement made by the party and contemporaneously recorded.*

(*emphasis added*).

Based on this provision, the circuit court's findings as to a substantial need were extraneous. The issuance of the writ in mandamus was proper because the surveillance videotapes are properly discoverable as a "statement" previously made by Feltz. Point II is denied.

**3.** "Because appellate courts are primarily concerned with the correctness of the result reached by the trial court, we are not bound by its rationale and may affirm the judgment on any grounds sufficient to sustain it." *Russo v. Bruce,* 263 S.W.3d 684, 687 (Mo.App. 2008). "Thus, the judgment will be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Business Men's Assur. Co. of Am. v. Graham,* 984 S.W.2d 501, 506 (Mo. banc 1999).

## CONCLUSION

We affirm the circuit court's Permanent Order in Mandamus.

All Concur.