

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| JORDAN RUNDELL, | ) | ED103112 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Theresa Counts Burke |
| DIRECTOR OF REVENUE, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 19, 2016 |

The Director of Revenue of the State of Missouri ("Director") appeals from the trial court's judgment, following a trial *de novo*, ordering Director to remove the administrative-alcohol suspension from Jordan Rundell's ("Driver's") driving record and to reinstate Driver's driving privileges. We reverse and remand.

## I.  Background

Driver was arrested upon probable cause to believe he was driving while intoxicated on May 2, 2014. Driver consented to submit a breath test on an Intox EC/IR II breath analyzer machine, and the results showed his BAC was .189 percent, more than double the legal limit of .08 percent. Following an administrative hearing, Director notified Driver that she was suspending his driving privileges. As a result, Driver filed a petition for trial *de novo*.

Prior to the hearing, Driver filed a memorandum where he argued the results of the breath test should not be admissible as the language of 19 CSR 25-30.051(5) in effect at the time the

maintenance report was conducted required the use of all three compressed ethanol-gas solutions, and that the maintenance report in his case did not comply with these regulations since the breath analyzer was only verified at one level, 0.08 percent. At the hearing, Director sought to admit Exhibit A, certified copies of records relating to Driver's case. These records included the results of the blood alcohol test administered on May 2, 2014, and the maintenance report used to conduct the test. The maintenance report reflected that Officer Scott Christian, the officer who performed the maintenance check, marked boxes to indicate that a 0.08 percent standard compressed ethanol-gas mixture was used for the calibration check. The report showed that the breath analyzer had been inspected on May 1, 2014. Driver objected to the admission of Exhibit A based on the grounds set forth in his previously filed memorandum.

The court sustained Driver's objection to the foundation of the breath test results[1] and made a specific finding that "and" has relevance in the regulation. Thus, the trial court found the results of the breath test inadmissible, and ultimately ordered Director to remove the administrative alcohol suspension from Driver's driving record and to reinstate Driver's driving privileges.

Director filed a Motion for New Trial/To Set Aside Judgment and noted that the sole objection made by Driver in his memorandum was that the version of 19 CSR 25-30.051 in effect at the time of his arrest required the use of three compressed ethanol-gas mixtures during a maintenance check, and that only one was utilized. Director alleged that Driver quoted the version of the regulation that was in effect between December 31, 2012, and February 28, 2014, stating it was applicable. However, Director argued that the regulation had been amended on

---

[1] The trial court made its ruling pursuant to 19 CSR 25-30.051(2); however, subsection five is the appropriate application of law as the maintenance report indicates a compressed ethanol-gas mixture was used for calibration, not a standard simulator solution. Although the trial court cites to the wrong subsection in its ruling, the outcome of this appeal is not affected as the language of the two subsections is nearly identical aside from the specified solution used for verification and calibration.

February 28, 2014, and required only one of the available mixtures need be used during a maintenance check. The motion noted that the amended regulation was in effect on May 1, 2014, when the maintenance check was performed and thus, the maintenance of the breath analyzer was in compliance with the regulation in effect on that date. The record does not reflect a ruling on Director's motion. This appeal followed.

## II. Discussion

In her sole point on appeal, Director argues the trial court erred in excluding the results of the breath test and in reinstating Driver's driving privileges because the court erroneously declared and applied the law by finding that the word "and" in 19 CSR 25-30.051(5) required that the breath analyzer used to obtain Driver's breath sample be calibrated using three different compressed ethanol-gas mixtures. Director claims that this version of the regulation had been repealed prior to the date the maintenance check was performed on the breath analyzer and the version of the regulation in effect on that date had replaced the word "and" with the word "or," evidencing an intent that only one compressed ethanol-gas mixture value be used in the maintenance check and calibration. Director asserts that the breath analyzer was thus calibrated in accordance with the regulation then in effect and that sufficient foundation had been laid for admission of the breath test results.

Standard of Review

We review the trial court's judgment "reinstating driving privileges following an administrative suspension or revocation under the standard of Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)." Bartholomew v. Dir. Of Revenue, 462 S.W.3d 465, 469 (Mo. App. E.D. 2015) (citing White v. Dir. of Revenue, 321 S.W.3d 298, 307-08 (Mo. banc 2010)). We will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against

3

the weight of the evidence, or it erroneously declares or applies the law. White, 321 S.W.3d at 307-08 (citing Murphy, 536 S.W.2d at 32).

"The nature of our review is directed by whether the particular issue is a question of fact or law." Cortner v. Dir. of Revenue, 408 S.W.3d 789, 792 (Mo. App. E.D. 2013). Director's claim involves interpretation of a regulation, and "[a]dministrative rules and regulations are interpreted under the same principles of construction as statutes." McGough v. Dir. Of Revenue, 462 S.W.3d 459, 462 (Mo. App. E.D. 2015). Statutory interpretation is a matter of law, which we review *de novo*. Bender v. Dir. of Revenue, 320 S.W.3d 167, 169 (Mo. App. E.D. 2010).

Analysis

The Director has the burden to establish by a preponderance of the evidence a *prima facie* case for suspension of a driver's license by introducing evidence that there was probable cause for arresting the driver for an alcohol-related offense and that the driver's BAC exceeded the legal limit of .08 percent. McGough, 462 S.W.3d at 462. To establish that a driver's BAC was over the legal limit, the Director may introduce evidence of the results of a breath analyzer test. Id. To lay a foundation for admission of those results, the Director must establish that the test was performed using the approved techniques and methods of the Department of Health and Senior Services ("DHSS"), by an operator holding a valid permit, and on equipment and devices approved by the Department. Id.

Director alleges Driver's argument that the breath results should be excluded, due to lack of foundation, relied on language in the version of 19 CSR 25-30.051(5) that was in effect from December 30, 2012, to February 27, 2014. Director demonstrates that the regulation read, in pertinent part as follows:

4

(1) Standards used for the purpose of verifying and calibrating breath analyzers shall consist of standard simulator solutions or compressed ethanol-gas standard mixtures.
            [. . .]
(5) Compressed ethanol-gas mixtures used to verify and calibrate evidential breath analyzers [. . .] shall have a concentration within five percent (5%) of the following values:
            (A) 0.10%;
            (B) 0.08%; and
            (C) 0.04%.

19 CSR 25-30.051 (effective Dec. 30, 2012).  In court, Driver argued that the inclusion of the word "and" in subsection five mandated that all three values of compressed ethanol-gas mixtures be used to calibrate and verify a breath analyzer.  The trial court accepted this argument and excluded the breath test results on the basis that "and" has relevance in the regulation.  Director claims that the version of the 19 CSR 25.30.051(5) in place on the date the maintenance check was performed on the breath analyzer had replaced the word "and" with the word "or," evidencing an intent that only one compressed ethanol-gas mixture value be used in the maintenance check and calibration.  We agree.

"Where the Department of Health has enacted regulations concerning the proper methods of conducting blood alcohol tests … the state must demonstrate absolute and literal compliance with these regulations prerequisite to introducing the test results into evidence."  State v. Regaldo, 806 S.W.2d 86, 88 (Mo. App. W.D. 1991).  "The validity of a breath test necessarily must be determined and fixed at the time the test was conducted."  Stiers v. Dir. of Revenue, 477 S.W.3d 611, 619 (Mo. banc 2016) (finding that the 2014 revision of 19 CSR 25-30.051(2) did not apply because the machine used to conduct plaintiff's breath test was calibrated in 2012).  The breath analyzer used on Driver was tested on May 1, 2014 using a single compressed ethanol-gas mixture.  Since the breath analyzer used to test Driver was calibrated on May 1, 2014, we must look to the language of 19 CSR 25-30.051(5) in effect on that date to

5

determine whether or not the use of one compressed ethanol-gas mixture for verification and calibration was in compliance with the regulation.

Regulation 19 CSR 25-30.051, as promulgated by DHSS at the time of Driver's breath test provided that:

> (1) Standards used for the purpose of verifying and calibrating breath analyzers shall consist of standard simulator solutions or compressed ethanol-gas standard mixtures.
>      [. . .]
> (5) Compressed ethanol-gas mixtures used to verify and calibrate evidential breath analyzers [. . .] shall have a concentration within five percent (5%) of the following values:
>      (A) 0.10%;
>      (B) 0.08%; or
>      (C) 0.04%.

19 CSR 25-30.051 (effective Feb 28, 2014).

When interpreting a statute, the primary goal is to give effect to the legislative intent as reflected in the plain language of the statute. Stiers, 477 S.W.3d at 615. We presume the DHSS's choice of wording is not meaningless. See State Bd. of Registration for Healing Arts v. Boston, 72 S.W.3d 260, 265 (Mo. App. W.D. 2002). The regulation's use of the conjunction "or" on its face seems to require that only one compressed ethanol-gas mixture need be used to calibrate each breath analyzer.

The primary rule of construction is to ascertain the agency's intent from the language used and give effect to that intent, while considering the words used in their plain and ordinary meaning. See Tuft v. City of St. Louis, 936 S.W.2d 113, 118-19 (Mo. App. E.D. 1996). In the absence of a definition in the regulation, the words will be given their plain and ordinary meaning as derived from a dictionary. Teague v. Missouri Gaming Comm'n, 127 S.W.3d 679, 686 (Mo. App. W.D. 2003). The ordinary meaning of the word "or" is "used as a function word to indicate an alternative, the equivalent or substitutive character of two words or phrases."

6

Merriam-Webster Online, *at* http://www.meriam-webster.com/or (last visited March 22, 2016). Under this definition, the use of "or" in the regulation indicates an intent to permit officers conducting maintenance checks to choose from among the three authorized compressed ethanol-gas values. To give full effect to the plain language of the rule, we must conclude that DHSS intended to require only proof that one compressed ethanol-gas value was used to verify and calibrate the breath analyzer in order for the breath test to be valid.

The evolution of this regulation also demonstrates that the use of all three compressed-ethanol-gas values to verify and calibrate the breath analyzer is no longer required for the purposes of laying foundation for the admission of a breath test. A change to a regulation is presumed to have some effect. See S.S. v. Mitchell, 289 S.W.3d 797, 799 (Mo. App. E.D. 2009). Prior to 2014, the regulation required the breath analyzer to be verified and calibrated using all three compressed ethanol-gas values. Stiers, 477 S.W.3d 611 at 620. When the DHSS amended 19 CSR-25-30.051 in 2014 to replace the word "and" with "or," the regulation thereafter required testing with only one value for calibration. Id. at 617, 619 (reasoning "[this] is all that was necessary to reduce the number of required solutions from three to one."). The amendment of the regulation reflects a clear intent to remove the three value requirement, and instead permit the use of a single compressed ethanol-gas mixture in verifying and calibrating breath analyzers.

This intent is further reflected in the statement of purpose that accompanied the proposed amendment when it was published in 2013: "this amendment clarifies which standard simulator solutions of the listed concentrations *may be used* in verifying and calibrating breath analyzers." 38 Mo. Register 1625 (Oct. 15, 2013) (emphasis added). Therefore, the change indicates that in order to lay the foundation for admissibility of a breath test, the Director need only provide proof

that the breath analyzer was verified and calibrated using one of three approved compressed ethanol-gas mixtures.

The maintenance report clearly identified the 0.08 percent standard as the compressed ethanol-gas mixture value used to calibrate and verify the breath analyzer used to analyze Driver's BAC at the time of his arrest.  The use of a compressed ethanol-gas mixture with a concentration at 0.08 percent is an approved value under 19 CSR 25-30.051(5), and thus proper foundation was laid for the admission of Driver's breath test results.  Director's point on appeal is sustained.

## Conclusion

The judgment of the trial court is reversed and we remand the cause with instruction to the trial court to enter a judgment affirming the Director's revocation of Driver's driving privileges.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs.
Mary K. Hoff, J., concurs.