

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | ED103396 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Pike County |
| v. | ) | 14PI-CR00066 |
| | ) | |
| FREDERICK HILL, III, | ) | Honorable David H. Ash |
| | ) | |
| Appellant. | ) | Filed: August 30, 2016 |

## Introduction

Frederick Hill, III (Defendant) appeals from a sentence and judgment of conviction for first-degree trespass. He asserts that there was insufficient evidence to support his conviction in that the State cannot charge him with trespassing on his own property. We affirm.

## Background

The State charged Defendant with the class B misdemeanor of trespass in the first degree. At trial, the State adduced the following evidence.

In December of 2013, Mary Vinson (Vinson) and Defendant were living together in a mobile home in Bowling Green, Missouri (mobile home). According to testimony

from Vinson, Defendant and Vinson jointly owned the mobile home, while Defendant made the rent payments for the lot.

On December 5, 2013, Vinson applied for an order of protection against Defendant. The trial court granted an ex parte order of protection (Order) against Defendant, which stated that Defendant was not allowed to enter or stay upon the premises wherever Vinson may reside, her place of employment, or her school. Vinson listed the address of the mobile home as her residence on the application for the Order.

On that same day, a Pike County deputy served the Order on Defendant at the mobile home. Vinson was not present in the mobile home at the time. The deputy knocked on the door and told Defendant that he had an order of protection to serve on him. The deputy read verbatim the entire Order to Defendant. Defendant did not know that Vinson had sought and obtained the Order against him before law enforcement had arrived. Because the Order specifically listed the address of the mobile home where Defendant resided, the deputy took that to mean that Defendant could not remain in the mobile home any longer. The deputy told Defendant that he had to leave the mobile home per the Order. Defendant replied that he had not done anything wrong and said that he was not leaving unless by force.

Other officers arrived and had an extensive conversation with Defendant. Officers lined up at the door ready to forcibly enter the residence if Defendant continued to refuse to come out. It sounded to at least one of the officers that Defendant was barricading the door. Sometime between twenty minutes and an hour later, Defendant came out of the mobile home on his own without incident. The officers did not use physical force, and

2

Defendant did not fight or resist the officers. Defendant was arrested for violating the Order because he remained in the residence after the officers had read him the Order.

The defense moved for judgment of acquittal at the close of the State's case and at the close of evidence. The trial court denied both motions. The jury found Defendant guilty of trespass in the first degree, and the trial court sentenced him to ten days in jail. This appeal follows.

## Discussion

Defendant argues that the trial court erred and violated his right to due process of law in overruling his motion for judgment of acquittal at the close of evidence and entering judgment against him for first-degree trespass, because the State cannot charge an owner with trespassing upon his or her own property. We disagree.

A person commits the class B misdemeanor of trespass in the first degree when he or she "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140.[1] The chapter definitions provided in Section 569.140 state that, "a person 'enters unlawfully or remains unlawfully' in or upon premises when he is not licensed or privileged to do so." Section 569.140; see also State v. Ritchie, 376 S.W.3d 58, 62 (Mo. App. E.D. 2012).

Defendant's point on appeal challenges the sufficiency of the evidence supporting his conviction. However, his argument is focused on whether the State can legally charge an owner with trespassing on his or her own property, therefore our review is *de novo*. State v. Taylor, 298 S.W.3d 482, 492 (Mo. banc 2009).

---

[1] All statutory references are to RSMo (2000), unless otherwise indicated.

3

Defendant asserts that the State cannot charge an owner with trespassing upon his or her own property. However, the statute defining criminal trespass does not contain any language referring specifically to the owner of the property and whether it is possible for an owner to trespass upon his or her own property. The offense of trespass in the first degree in the State of Missouri is based solely upon whether the trespasser "knowingly enters unlawfully or knowingly remains unlawfully." [2] Thus, the plain meaning of the statute defining trespass in the first degree does not explicitly rule out the possibility of the owner of the property being charged with trespassing on his or her own property if it is determined that he or she has entered it or remained upon it unlawfully. See Green v. Missouri, 734 F.Supp.2d 814 (E.D. Mo. 2010) ("Under Missouri law, . . . an individual's refusal to leave a building after an authorized agent requests him to leave is sufficient to support the charge of trespassing"). "When the words are clear, there is nothing to construe beyond applying the plain meaning of the law." Bateman v. Rinehart, 391 S.W.3d 441, 446 (Mo. banc 2013) (internal quote omitted).

Defendant further argues that he was licensed and privileged to remain on his property, even after the police informed him of the Order, due to his status as the owner of the mobile home. However, Defendant's privilege as owner is specifically limited by Section 455.050, which states that an ex parte order of protection:

> shall be to protect the petitioner from domestic violence, stalking, or sexual assault and may include such terms as the

---

[2] The criminal trespass statutes adopted in some states require that the act of trespass occur upon the property of another, thus precluding someone from being charged with trespassing on his or her own property. See, e.g., Tex. Penal Code Section 30.05(a) ("A person commits an offense if the person enters or remains on or in property of another…"). Second-degree trespass in Missouri also requires that the trespass occur upon the property "of another." Section 569.150. We take the decision of the Missouri Legislature not to include such language in the first-degree trespassing statute as evidence of their intent to leave open the possibility that the State can charge an owner with trespassing on his or her own property. See Rundell v. Director of Revenue, 487 S.W.3d 496, 500 (Mo. App. E.D. 2016) ("When interpreting a statute, the primary goal is to give effect to the legislative intent as reflected in the plain language of the statute")

4

court reasonably deems necessary to ensure the petitioner's safety, including but not limited to:

. . .

(2) Temporarily enjoining the respondent from entering the premises of the dwelling unit of the petitioner when the dwelling unit is:

(a) Jointly owned, leased or rented or jointly occupied by both parties . . . ."

The plain language of this statute indicates the Missouri Legislature specifically intended that orders of protection under Section 455.050 could protect victims of domestic violence in their own homes, even by temporarily enjoining a property owner from being on his or her property, such as when the offender lives with the victim. Thus, a person's refusal to leave property, when an order of protection enjoins his or her presence there, is unlawful under this section.

This statutory language regarding orders of protection is not in conflict with the first-degree trespassing statute, allowing the State to charge a person if he or she "knowingly remains *unlawfully* in a building or inhabitable structure or upon real property." Section 569.140 (emphasis added). The legislature could have chosen to write Section 569.140 to limit the offense to cases in which a person remains unlawfully upon property owned by another, but they did not do so. Section 569.140, as written, leaves open the possibility that the State of Missouri may charge owners of property with trespass for unlawfully remaining on their own property. Being served with an order of protection prohibiting an owner from being on his or her property for a period of time, under the circumstances prompting the order, is sufficient for a law enforcement officer to conclude that if that owner remains on the property, he or she does so "unlawfully" in regards to the offense of first-degree trespass. If the Missouri Legislature desires to preclude the application of the first-degree trespass statute to such a situation, it may do so. We must

5

apply the plain statutory language as written. Investors Alliance, LLC v. Bordeaux, 428 S.W.3d 693, 696 (Mo. App. E.D. 2014).

Thus, we find that the State permissibly charged Defendant with trespassing upon his own property in this instance, due to his failure to adhere to the terms of the Order. Point denied.

## Conclusion

The judgment of the trial court is affirmed.

Gary M. Gaertner, Jr., Judge

James M. Dowd, P.J., concurs.
Kurt S. Odenwald, J., concurs.