

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI, )
)
    Plaintiff-Respondent, )
)
vs. ) No. SD37942
)
TIMOTHY WAYNE HOVIS, ) **Filed:  February 26, 2024**
)
    Defendant-Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF WAYNE COUNTY

The Honorable Megan K. Seay, Judge

### **AFFIRMED**

Timothy Wayne Hovis ("Hovis") appeals the judgment of the Circuit Court of Wayne County, Missouri ("trial court"), convicting him of trespass in the first degree under section 569.140.[1]  In his only point on appeal, Hovis claims the trial court erred in convicting him of trespass because there was insufficient evidence that he did not have permission to enter the residence he was convicted of trespassing upon.  We deny this point and affirm the trial court's judgment.

---

[1] Statutory references are to RSMo Supp. 2018, unless otherwise indicated.

**Factual Background and Procedural History**

On February 6, 2020, and again on February 9, 2020, Hovis entered the residence of his ex-wife, Jennifer Hovis, in Greenville, Missouri.[2] Ms. Hovis was out of town in Texas at the time Hovis entered her residence.

Prior to her trip to Texas, Ms. Hovis and her son installed four security cameras at her residence – three security cameras were installed inside the residence and one security camera was installed on the exterior of the residence. When she returned from Texas, she saw the security camera on the exterior of the residence was no longer there. Ms. Hovis and her son reviewed the security camera video footage and saw Hovis inside her residence. The footage revealed Hovis going through several rooms in the home including Ms. Hovis's bedroom, looking through Ms. Hovis's mail and her phone's recalled memory, and opening mail and putting it in his pocket. Ms. Hovis then noticed the footage from the exterior camera stopped. She did not locate the missing exterior camera. Ms. Hovis brought the security camera video footage to the Wayne County Sheriff's Department and filed a report the following day.

Hovis was originally charged on March 19, 2021, with one count of burglary in the second degree. The State filed an amended information charging Hovis with trespass in the first degree in exchange for Hovis waiving his right to a jury trial. The case proceeded to a bench trial. At trial, Ms. Hovis testified as to the above facts and stated that Hovis was not invited to her residence nor did he have permission to enter her residence while she was in Texas. Ms. Hovis further testified Hovis had been ordered to keep away from her residence by court order

---

[2] Ms. Hovis's residence was the marital residence during her marriage to Hovis. The marriage between Hovis and Ms. Hovis was dissolved in September 2019. The marital residence in question was awarded to Ms. Hovis for her sole possession, by both divorce decree and agreement of the parties.

both prior to and after February 2020.  Hovis moved for judgment of acquittal at the close of the State's evidence before he rested without presenting any additional evidence.  Defense counsel argued there was no evidence that Hovis did not have permission to enter the residence.  The trial court denied defense counsel's motion and found Hovis guilty of trespass in the first degree.

**Analysis**

Hovis presents one point on appeal.  Hovis claims the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to support a finding of trespass in that the State "failed to establish beyond a reasonable doubt that [Ms. Hovis's] son did not give [him] permission to enter" Ms. Hovis's residence.  We disagree.

*Standard of Review*

"'[W]e review a trial court's ruling on a motion for judgment of acquittal to determine whether there was sufficient evidence from which the trial court could have found the defendant guilty beyond a reasonable doubt.'" *State v. Sinks*, 652 S.W.3d 322, 334 (Mo. App. E.D. 2022) (quoting *State v. Peeler*, 603 S.W.3d 917, 920 (Mo. App. E.D. 2020)).  "Appellate review of sufficiency of the evidence is limited to whether the State has introduced adequate evidence from which a reasonable finder of fact could have found each element of the crime beyond a reasonable doubt." *State v. Lammers*, 479 S.W.3d 624, 632 (Mo. banc 2016).

*State v. Gomez*, 672 S.W.3d 113, 119 (Mo. App. S.D. 2023).

In determining whether there is sufficient evidence "to support a conviction and to withstand a motion for judgment of acquittal, this Court does not weigh the evidence but rather accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignores all contrary evidences and inferences." *State v. Gilmore*, 537 S.W.3d 342, 344 (Mo. banc 2018) (alterations omitted), quoting *State v. Ess*, 453 S.W.3d 196, 206 (Mo. banc 2015).

*State v. Cross*, 672 S.W.3d 865, 867 (Mo. App. S.D. 2023) (quoting *State v. Lehman*, 617 S.W.3d 843, 846-47 (Mo. banc 2021)).  The appellate court does not act as a "super juror," but grants great deference to the trier of fact in reviewing the sufficiency of the evidence to support a

conviction and withstand a motion for judgment of acquittal. *State v. Brown*, 661 S.W.3d 27, 35 (Mo. App. S.D. 2023) (quoting *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017)).

*Point I*

One commits the offense of trespass in the first degree "if he or she knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure or upon real property." Section 569.140.1; *McNeal v. State*, 412 S.W.3d 886, 890 (Mo. banc 2013); *State v. Pugh*, 357 S.W.3d 310, 314 (Mo. App. W.D. 2012). A person enters unlawfully or remains unlawfully in a building or inhabitable structure when he or she is "not licensed or privileged to do so." Section 569.010(2); *State v. Hill*, 497 S.W.3d 391, 393 (Mo. App. E.D. 2016). Section 569.010 does not define "licensed" or privileged."

> A "license" is defined generally as "permission to act." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1304 (2002). A "privilege" is defined generally as "a right or immunity granted as a peculiar benefit, advantage or favor." *Id.* at 1805. Consistent with these definitions, the common law provides a "license is a privilege to enter certain premises for a stated purpose" and "may be revoked at the will of licensor." *Riverside-Quindaro Bend Levee Dist., Platte Cty., Mo. v. Mo. Am. Water Co.*, 117 S.W.3d 140, 149 (Mo. App. 2003).

*State v. Stewart*, 560 S.W.3d 531, 535 (Mo. banc 2018).

Hovis admits the State presented evidence showing he no longer had a possessory interest in the home and that Ms. Hovis did not give him permission to be in the home. However, he claims that evidence was insufficient to support his conviction because the State failed to present evidence from the other resident of the home, Ms. Hovis's son, that he did not give Hovis permission to be in the home. Hovis has not cited any case which requires all residents to testify that a defendant did not have their permission to enter into a residence. Nor has this Court's research found any case law or authority to support such a contention. Hovis's argument is without merit.

4

Viewing the evidence in the light most favorable to the judgment, as this Court is required to do under the relevant standard of review, there is sufficient evidence to support a finding that Hovis committed the offense of trespass by knowingly entering unlawfully the residence of Ms. Hovis. The State presented evidence that Hovis had no possessory interest in the residence, yet Hovis entered the residence on two separate occasions while Ms. Hovis was out of state. Ms. Hovis testified she did not give permission to Hovis to enter her residence. An exterior security camera installed by Ms. Hovis had been removed after footage revealed Hovis in her home going through several rooms including her bedroom, looking through Ms. Hovis's mail and her phone's recalled memory, and opening mail and putting it in his pocket. An inference could be made that Hovis removed the exterior security camera in an attempt to conceal his entry into the residence. *Cross*, 672 S.W.3d at 867 ("[T]his Court . . . accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict[.]"); *see State v. Girardier*, 484 S.W.3d 356 (Mo. App. E.D. 2015) (a defendant's efforts to conceal entry into premises is evidence he or she knew they were entering without permission). The State had no duty to present evidence from any other person, including Ms. Hovis's son, that they did not grant permission to Hovis to enter the residence. Further, no evidence was presented by either party regarding any permission granted to Hovis by anyone, including Ms. Hovis's son, to enter the residence. Even if such evidence had been presented, it would be disregarded by this Court as contrary to the trial court's judgment. *Cross*, 672 S.W.3d at 867 (stating in reviewing the sufficiency of the evidence, this Court ignores all evidence and inferences contrary to the judgment). The State presented sufficient evidence to support the trial court's judgment convicting Hovis of trespass in the first degree.

The judgment is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS